United States District Court
Southern District of Texas
**ENTERED**
November 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALAA ELKHAFAGE, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. H-19-0003 |
| § | |
| LORIE DAVIS, § | |
| Director, Texas Department of § | |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Alaa Elkhafage's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation. Dkt. 20. Respondent moved for summary judgment (Dkt. 13), Elkhafage, who is represented by counsel, responded (Dkt. 19) and, in compliance with orders of this court, Respondent filed a reply (Dkt. 22) and supplemented the record (Dkt. 24). Having considered the parties' submissions and the law, the court recommends that Elkhafage's Petition be denied with prejudice as time-barred.

### I. Background

Elkafage pled guilty in 7 cases for offenses he committed when he was 16 years old. On June 29, 2007, the trial court for the 339th District Court of Harris County, Texas sentenced Elkafage to twenty years in prison for robbery in cause number 1066699; to life in prison for aggravated robbery in cause numbers 1066700, 1066703, and 1066698; and to life in prison for aggravated kidnapping in cause numbers 1066697, 1066702, and

1066705. The Fourteenth Court of Appeals affirmed all 7 convictions on February 7, 2008. Elkhafage did not file a petition for discretionary review.

Elkhafage filed a state court application for writ of habeas corpus on July 29, 2014 in cause number 1066700. While that application was still pending, Elkhafage filed state court applications for writ of habeas corpus on November 8, 2017 in cause numbers 1066699, 1066703, 1066697, 1066698, 1066702, and 1066705. On July 25, 2018, the Texas Court of Criminal Appeals denied all 7 pending applications without written order on the findings of the trial court without a hearing.

On January 2, 2019, Elkhafage filed separate federal petitions for writ of habeas corpus regarding each of his 7 state court convictions. *See* Dkts. 1-7. He filed an Amended Petition on March 15, 2019 consolidating his claims regarding all 7 state court cause numbers. Dkt. 10. Elkhafage raises 7 grounds for relief in his Amended Petition: (1) he was mentally incompetent to stand trial; (2) the juvenile court violated his due process rights and its transfer of jurisdiction to the district court was improper, resulting in void convictions; (3) he received ineffective assistance of counsel in his juvenile certification proceedings; (4) he received ineffective assistance of counsel at trial; (5) he received ineffective assistance of counsel on appeal; (6) a witness provided false testimony; and (7) the trial court violated his right to be free from cruel and unusual punishment by failing to take into account mitigating circumstances when sentencing him to de facto life without parole. Dkt. 10 at 4.

The government contends that all of Elkhafage's claims are time-barred.[1] Elkhafage contends that his one-year federal statute of limitations was equitably tolled by the Texas Criminal Court of Appeals' 2014 decision in *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014). Elkhafage further contends that the statute of limitations on his claim for violation of his Eighth Amendment rights (ground 7 above) was not triggered until the Supreme Court issued its ruling in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).[2]

## II. Analysis

### A. AEDPA Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The government reserves the right to argue that Elkhafage's claims are unexhausted or procedurally barred in the event the court determines they are not time-barred. *See* Dkt. 13 at 5.
[2] Elkhafage's arguments are relevant only to his claims 2 and 7. He offers no basis for tolling of his statute of limitations as to his remaining claims and those claims are clearly time-barred.

U.S.C. § 2244(d)(1).  Elkhafage's pleadings and briefing do not specify which provision of § 2244(d)(1) he contends is applicable to his claims.  Elkhafage's pleadings and briefing do not allege that he faced an "impediment to filing an application created by State action in violation of the Constitution" or that the factual predicate for his claims "could not have been discovered through the exercise of due diligence."  *See* 28 U.S.C. §§ 2244(d)(1)(B), (D).  Therefore, this Memorandum and Recommendation addresses §§ 2244(d)(1)(A) and (C).

### B.  Elkafage's Petition is Untimely Pursuant to 28 U.S.C. § 2244(d)(1)(A)

Elkhafage's convictions became final when his time for filing a petition for writ of discretionary review in the Texas Court of Criminal Appeals expired on March 10, 2008.  TEX. R. APP. P. 68.2(a).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Elkhafage's one-year federal statute of limitations expired on March 10, 2009, making his federal Petition filed on January 2, 2019 untimely absent statutory or equitable tolling.  Neither applies here.

#### 1.  Statutory tolling.

The statute of limitations on a prisoner's federal habeas corpus claims is tolled during the time when a properly filed application for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).  However, a state court application for writ of habeas corpus that is filed *after* the one-year federal statute of limitations has already expired does not extend or toll the federal limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Elkhafage filed his first state court application for writ of habeas corpus in July 2014, over 5 years *after* his federal statute of limitations had already expired; he filed 6

4

additional state applications in November 2017, over 8 years after his federal statute of limitations had already expired. Thus, statutory tolling does not apply to Elkhafage's federal Petition for Writ of Habeas Corpus.

### 2. Equitable tolling.

In "rare and exceptional circumstances," the one-year federal limitations period may be subject to equitable tolling.[3] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Holland v. Florida*, 560 U.S. 631, 645 (2010). In order to take advantage of equitable tolling, Elkhafage must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). "Equitable tolling applies principally when the Petitioner has been actively misled by the Defendant about the cause of action or has been prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). Equitable tolling is a discretionary doctrine that turns on the individual facts and circumstances of each case. *Id.*; *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

### a. Elkhafage did not diligently pursue relief.

Elkhafage is entitled to pursue his claim at this late date only if he diligently pursued relief. *Moon v. State* was decided on December 10, 2014, while Elkhafage's initial state habeas application in cause number 1066700 was pending. However, Elkhafage did not file an amended state court application in his remaining cases until November 8, 2017,

---

[3] Elkhagage does not argue that he is actually innocent of the charges for which he was convicted, a claim that may in rare cases overcome the AEDPA's time bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

approximately 3 years after *Moon*.[4] In addition, Elkhafage did not file his initial federal petition for writ of habeas corpus until January 2, 2019, over 5 months after the Texas Court of Criminal Appeals denied his state court applications.

A petitioner must exercise diligence in pursuing his rights in state court, as well as in filing his federal petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (refusing to apply equitable tolling where "not only did petitioner sit on his rights for years *before* he filed his [state habeas] petition, but he also sat on them for five more months *after*" denial of relief in state court." (emphasis in original)). Elkhafage's approximately three-year delay after the *Moon* decision before seeking state habeas relief, coupled with his five-month delay in filing his federal petition after denial of relief by the Texas Court of Criminal Appeals, does not satisfy the diligence standard for application of equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Melancon waited more than four months to file his federal habeas petition. Because Melancon did not expediently file his federal habeas petition, this circumstance is not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)."); *Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013) ("We have held that state prisoners who were aware that their state post-conviction proceedings were no longer pending and waited to file federal habeas petitions between four and six months after the AEDPA limitation period began to run did not exercise reasonable diligence); *Koumjian v. Thaler*, 484 F. App'x 966, 969–70 (5th Cir. 2012) ("[E]ven if we were to subtract the total time that such motion and petition were pending

---

[4] Elkhafage points out that the state court treated the new applications as amendments or supplements that related back to his initial July 2014 filing. Dkt. 19 at 10-11. Even if true for state habeas purposes, Elkhafage provides no authority for the proposition that the 2017 applications relate back for federal equitable tolling purposes.

[in the Texas Court of Criminal Appeals], Koumjian's delay in filing his federal petition would still exceed four and a half months. In light of this delay, we cannot hold that the district court abused its discretion in denying Koumjian's claim of equitable tolling."). The facts that Elkhafage is incarcerated, did not have legal representation in state proceedings until 2017, and was likely ignorant of the law does not excuse his lack of diligence. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases for each such condition).

### b. No extraordinary circumstance prevented Elkhafage from timely filing his Petition.

Elkhafage argues that rare and exceptional circumstances exist in this case that justify equitable tolling. He argues that the order transferring him from juvenile custody to Harris County District Court was constitutionally deficient because it lacked a statement of the reasons for the juvenile court's transfer decision. He further contends that this deficiency was not recognized as a constitutional right in Texas courts until the decision in *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014). Elkhafage's first state court writ application addressing one of his convictions was pending at the time *Moon* was decided. He argues that *Moon* should be applied retroactively to void his convictions, entitling him to habeas relief.

The Texas Court of Criminal Appeals decision in *Moon* does not toll Elkhafage's federal statute of limitations. The Texas Court of Criminal Appeals has already decided that *Moon* did not create new substantive rights. *Ex Parte Navarro*, 538 S.W.3d 608, 613 (Tex. Crim. App. 2018). The *Navarro* court concluded that a juvenile's constitutional right

7

to a statement of reasons in connection with a juvenile court transfer order was recognized by the Supreme Court in *Kent v. United States*, 383 U.S. 541 (1966), and has been recognized since then by Texas Appellate courts. *Id.* at 614 (Tex. Crim. App. 2018) (citing *In re J.R.C.*, 522 S.W.2d 579, 582-84 (Tex. Civ. App.- Texarkana 1975, writ ref'd n.r.e.)). The Texas Court of Criminal Appeals held that the claim Navarro asserted, which is the same claim Elkhafage asserts here, could have been brought prior to the decision in *Moon*.[5] A federal petition for writ of habeas corpus provides a remedy only for violations of federal law. *Charles v. Thaler*, 629 F.3d 494, 500–01 (5th Cir. 2011). This court will not review *Navarro's* conclusions regarding Texas law. *Id.* ("Under § 2254, federal habeas courts sit to review state court misapplications of *federal* law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." (emphasis in original)). No rare and exceptional circumstances prevented Elkhafage from filing a timely federal petition asserting his claim that the juvenile court's transfer order was improper, and thus the claim is time-barred.

### C. Elkhafage's Petition is Untimely Pursuant to 28 U.S.C. § 2244(d)(1)(C)

AEDPA also provides that a prisoner has one year to seek a federal writ of habeas corpus from the date the Supreme Court recognizes a new constitutional right that is to be

---

[5] Elkhafage further argues that *Navarro's* ruling that the claims in *Moon* could have been articulated as early as 1966 underscores the merits of his ineffective assistance of appellate counsel claim. Dkt. 19 at 4. This argument, however, has no relevance to the equitable tolling analysis. *Moore v. Davis*, No. 4:16-CV-260-A, 2017 WL 1383736, at *3 (N.D. Tex. Apr. 14, 2017) ("[T]he Fifth Circuit has held that an allegation of ineffective assistance on direct appeal in state court is not relevant to the tolling decision, given that appellate counsel's alleged deficiencies occurred before the date on which petitioner's conviction became final-*i.e.,* before the one-year period even began to run. *Molo v. Johnson,* 207 F.3d 773, 775-76 (5th Cir. 2000). While a criminal defendant has a right to effective assistance of counsel on a first appeal of right, an alleged violation of that right does not toll AEDPA's statute of limitations. *Id.*").

applied retroactively.  28 U.S.C. § 2244(d)(1)(C).  Elkhafage argues pursuant to 28 U.S.C. § 2244(d)(1)(C) that the Supreme Court's recognition in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) of a new constitutional right that is to be applied retroactively revived his claims.  Elkhafage's argument is without merit.

The Supreme Court held in *Miller v. Alabama*, 567 U.S. 460 (2012) that a mandatory life sentence without parole violates the Eighth Amendment's prohibition of cruel and unusual punishment in most juvenile cases.  In *Montgomery*, the Supreme Court held that *Miller* announced a new substantive rule of constitutional law that state courts must apply retroactively.  136 S. Ct. at 735-36.

The constitutional rule announced in *Miller* and found to be retroactive in *Montgomery*, i.e., that a mandatory life sentence without parole violates the Eighth Amendment's prohibition of cruel and unusual punishment in most juvenile cases, does not apply to Elkhafage.  Elkhafage was not sentenced to a mandatory life sentence without parole in any of his 7 cases.  *See, e.g.*, Dkt. 14-1 at 43 (Judgment of Conviction in cause number 1066697, noting life sentence, to run concurrently).  Texas Department of Criminal Justice records indicate he is eligible for parole in 2035.[6]

Elkhafage also argues that his state habeas proceeding was inadequate because the Court of Criminal Appeals denied his *Montgomery*-based claims without a hearing based on state law.  Dkt. 19 at 7-8.  However, infirmities in state habeas proceedings are not cognizable on federal habeas review.  *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984);

---

[6] *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=07730659, last visited November 25, 2019.  Some of Elkhafage's state court records spell his name without the "h," or "Elkafage."  *See id.*; Dkt. 14-1 at 43.

*Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

The Eight Amendment constitutional right recognized in *Miller* and made retroactive by *Montgomery* is inapplicable to Elkhafage and thus 28 U.S.C. § 2244(d)(1)(C) does not apply to make his claim timely.

### III.  Conclusion and Recommendation

For the reasons discussed above, the court RECOMMENDS that Respondent's Motion for Summary Judgment (Dkt. 13) be GRANTED, and Elkhafage's Petition for Writ of Habeas Corpus be DENIED with prejudice as time-barred.

The parties have 14 days from receipt to file written objections. *See* Rule 8(b) of the Rule Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72. Failure to file written objections within that time may bar an aggrieved party from attacking the factual findings and legal conclusions on appeal, except for plain error.

Signed on November 25, 2019, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge